UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA ELIZABETH MURPHY, also known as Teresa Leo,<br><br>                             Petitioner,<br><br>       -against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK,<br><br>                           Respondent. | 25-CV-6346 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Petitioner brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, alleging that, at the time of filing, she was in pretrial detention. She challenges the bail conditions imposed and seeks immediate release from Orange County Jail. Petitioner also invokes 28 U.S.C. § 1446(d), and seems to purport to remove "all" of her state criminal, probation, and Family Court actions to federal court. In addition, Petitioner seeks damages and injunctive relief in connection with civil rights claims against individuals and entities from Rockland and Orange Counties and from the Town of Warwick

By order dated April 28, 2026, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP), that is, without prepayment of filing fees.[1] For the reasons set forth below, the Court denies the Section 2254 petition without prejudice to renewal.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

---

[1] This action initially could not proceed because Petitioner had not paid the $5.00 filing fee or submitted an IFP application, but she has now done so.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the State, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) ; *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Teresa Murphy, who also uses the name Teresa Leo, alleges that she was taken into pretrial detention on June 24, 2025, on unspecified charges. She asserts that she "ha[s] not been convicted of any crimes yet." (ECF 1 at 1.) She states that "the [District Attorney] and Probation have committed multiple acts of perjury" and that her bail was increased from $500,000 to $750,000. (*Id.*) Petitioner seeks immediate release from Orange County Jail.

Petitioner notes that she was unlawfully arrested on multiple occasions, including on September 10, 2023, January 13, 2025, and March 22, 2025. (*Id.* at 6.) She also describes Officer Mazella's arrest of her on September 10, 2025. (*Id.*) Petitioner states, apparently in connection with the most recent arrest, that "the judge would not arraign me because I refused the provided lawyer." (*Id.* at 8.) On an unspecified date, Petitioner's father obtained a restraining order against her, and she notes that facts about these events were "filed and explained in my appeal 25-310."

2

(*Id.* at 9.) She  describes an alleged assault on her, possibly by a security guard at Garnett Medical Center. (*Id.*) Petitioner asserts that judges and other state actors "are retaliating" against her, including by raising her bail from $500,000 to $750,000. (*Id.* at 12.)

Petitioner mentions that she had a prior conviction for driving while intoxicated, for which she was sentenced on July 8, 2024, and that she has appealed that conviction. She asserts that Judge Brown "agreed during sentencing to give [her] a restricted license with an interlock" but that "those conditions were NEVER granted." (*Id.*)

Petitioner brings this action against the People of the State of New York, seeking "immediate release from Orange County Jail, immediate vindication of all fictitious retaliatory charges, money damages [and] stay of all state actions including Family Court." (*Id.* at 21.)

## DISCUSSION

### A.    Habeas Corpus Relief

Petitioner styles this pleading  as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Section 2254 permits a state prisoner to argue that she "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), resulting from a state court judgment of conviction and sentence, *see, e.g.*, *Alaska v. Wright*, 593 U.S. 152, 154 (2021).

By contrast, state pretrial detainees, who do not have a judgment of conviction subject to attack under Section 2254, can challenge their custody in petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3); *McDonough v. Smith*, 588 U.S. 109, 118 n.6 (2019) (noting that "a petition for a writ of *habeas corpus* . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has occurred" (relying on *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 485 (1973)).

Here, Petitioner challenges her pretrial detention and the bail imposed, seeking immediate release from Orange County Jail. Because Petitioner challenges her pretrial detention, a Section 2254 petition, which is the vehicle for challenging a judgment of conviction, is not the proper basis for her claims, and the Court denies the Section 2254 petition without prejudice.

Moreover, recharacterizing this Section 2254 petition as a Section 2241 petition would be futile. On October 8, 2025, not long after Petitioner submitted an IFP application, she was convicted on the charges pending against her in Orange County.[2] Accordingly, the Court declines to recharacterize Petitioner's claims regarding her pretrial detention and bail as having been brought under Section 2241.

Finally, the petition, which was brought before Petitioner's conviction, cannot be treated as a Section 2254 petition challenging her subsequent conviction. "Habeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing *Banister v. Davis*, 590 U.S. 504, 507 (2020)). Rule 2(c) of the Rules Governing Section 2254 Cases therefore requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief that is requested. Moreover, state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting the claims through one complete round of a state's established appellate review process. *Id.*

---

[2] https://nysdoccslookup.doccs.ny.gov/ (accessed on April 28, 2026). Petitioner is currently incarcerated at Albion Correctional Facility.

Because this Section 2254 petition was filed before Petitioner's conviction, the petition does not include Petitioner's grounds for challenging the conviction and does not show that Petitioner has exhausted her state court remedies. The Court therefore cannot treat this Section 2254 petition, which was styled as a challenge to Petitioner's pretrial detention, as a challenge to her judgment of conviction. The Court therefore denies the Section 2254 petition, without prejudice to Petitioner filing a Section 2254 petition challenging the judgment of conviction on which she is currently in custody, after exhausting her state court remedies.

**B.    Removal of State Court Proceedings**

Petitioner seems to indicate her intent to remove all of her state criminal, probation, and Family Court actions to this court under 28 U.S.C. § 1446(d). She states

> All of the charges, probation, family court Warwick Supreme court. All Actions have been removed Title 28 USC 1446(d). The Federal Courts have Full Jurisdiction- until or unless it is REMANDED. . . .

> Judge Brown acknowledged in writing and email the Removal. Probation has not contacted me in any way since served the Removal. The DA Judge Wadeson Warwick PD, all of Orange County have been served the Removals to Federal Court. They say, "It doesn't matter!"

(ECF 1 at 5.)

Petitioner further alleges that "they are claiming I allegedly [v]iolated probation, but the only thing I did was remove it to Federal Court 28 USC 1446(d) and the supremacy clause."[3] (*Id.* at 20.) Petitioner references actions that she previously filed in federal court (*id.* at 19), but it is unclear whether she understands these actions to have been petitions for removal of state court

---

[3] In addition, Petitioner alleges that her Family Court action "was removed to Federal Court on 1/10/25 . . . and then made active again 2/11/25 with Appeal 25-CV-310 which is under review." (ECF 1 at 8.) It is unclear from court records what removal proceedings Petitioner is referencing.

proceedings and unclear whether she intends this Section 2254 petition to be construed as a notice of removal.[4]

To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

In addition, criminal cases commenced in state court may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

This Section 2254 petition is wholly insufficient to act as a notice of removal of any civil or criminal proceeding pending against Petitioner in state court, insofar as she might have intended to do so. Petitioner does not identify which specific proceeding she intends to remove, whether the proceeding is still pending, or when it commenced. She also does not include a short

---

[4] The actions that Petitioner references include: *Murphy v. Mazella*, No. 25-CV-1950 (S.D.N.Y.) (ECF 23) (pending Second Amended Complaint naming Craig Brown, John Does 1-10, Officer Mezzella, Orange County Child Protective Services, Orange County Probation Department, Rockland County, Warwick Police Department) ("*Murphy I*"); *Murphy v. Rockland Cnty*, No. 25-CV-3122 (S.D.N.Y. Sept. 30, 2025) (action against Orange County Probation, Carol C Pierce, Rockland County, Warwick Police Department, Judge Brown, John Does 1-10, Tammie Johnson, Andrew R Kass, Sklyer Kemp, Officer Mazella, Ospra dismissed without prejudice as duplicative of *Murphy I*, 25-CV-1950); *Murphy v. Mazella*, No. 25-CV-03105 (LLS) (S.D.N.Y. Sept. 30, 2025) (dismissed without prejudice as duplicative of *Murphy I*, 25-CV-1950).

and plain statement of the grounds for removal, and does not include a copy of all process, pleadings, and orders served upon her in the state court action. Having failed to identify what specific matters, if any, Petitioner might have intended to remove, and the grounds on which she intended to do so, this Section 2254 petition is not effective to remove any state court matters.[5]

## C.    Civil Rights Claims

Here, although Petitioner styles this action as a petition for a writ of *habeas corpus*, she also refers to misconduct by numerous individuals, for which she seeks damages and injunctive relief. Petitioner refers to allegedly unlawful actions by personnel from the District Attorney's Office and "Probation," as well as by state court judges (Judges Brown, Wadeson, Hendry, Kim, Composto, and "Nackeson"), the Warwick Police Department and Police Officer Mazella, Orange County officials, Child Protective Services, Rockland County, the Rockland County Sheriff's Office, the Rockland County Jail, and Rockland County Family Court, though none are specifically named in the caption as parties to this action.[6]

Petitioner does not provide a short and plain statement of her claim sufficient to put these non-parties and the Court on notice of the allegations against them; the allegations thus do not comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a). Moreover, Petitioner has already brought the same or similar claims against many of the same individuals and entities, and at least one such civil rights action remains pending, *Murphy I*, No. 25-CV-1950 (S.D.N.Y.) (ECF 23) (pending Second Amended Complaint naming Judge Craig Brown, John

---

[5] Indeed, Petitioner indicates that state court actors did not understand her proceedings to have effectively been removed to federal court. The Court therefore considers it unnecessary to "remand" any matters, as there was never any proper removal and it is unclear what actions would be remanded or where.

[6] Petitioner also has not submitted a prisoner authorization form, which is required for a civil rights action because a $350.00 filing fee applies when a prisoner proceeds IFP with a non-*habeas* action, 28 U.S.C. § 1915(b).

Does 1-10, Officer Mezzella, Orange County Child Protective Services, Orange County Probation Department, Rockland County, Warwick Police Department).

There is no rule within this Circuit preventing a litigant from seeking civil rights relief under 42 U.S.C. § 1983 and *habeas corpus* relief in the same pleading. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008). Nevertheless, because Petitioner's allegations do not comply with Rule 8, and because she is already litigating many of the same claims in *Murphy I*, the Court declines to liberally construe the Section 2254 petition as also including civil rights claims.[7]

## CONCLUSION

The Court denies without prejudice this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and dismisses this action.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

---

[7] Nothing in this order prevents Petitioner from bringing a civil rights action in which she names an individual defendant whom she seeks to sue and provides a short and plain statement of the grounds on which she seeks relief. The Court cautions Petitioner, however, against continuing to file overlapping and repetitious actions involving the same parties, which can result in the imposition of sanctions, including a bar on proceeding *in forma pauperis*.